**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NAISH NICK RENELLA,

        Petitioner,

  v.

D. G. ADAMS Warden,

        Respondent.

No. C 05-2250 PJH (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and lodged exhibits with the court. Petitioner has chosen not to file a traverse. The matter is submitted.

## BACKGROUND

Petitioner was charged with four counts of sexual abuse. He pled no contest to count one, committing a lewd or lascivious act on a child under fourteen years old, *see* Cal. Penal Code § 288(a), and count two, annoying or molesting a child under eighteen years old, *see* Cal. Penal Code, § 647.6(a). Exh. E (Clerk's Transcript) at 195, 222.[1] A jury convicted him on count three, aggravated sexual assault of a child under fourteen years of age and more than ten years younger than petitioner, *see* Cal. Penal Code, § 269, and count four, oral copulation with a child under fourteen years of age and more than ten years younger than petitioner, *see* Cal. Penal Code, § 288a(c)(1). Exh. E at 377-378. Count one involved petitioner's molestation of Michael Doe (referred to as "Victim 2" by the California

---

[1] Citations to "Exh." are to the record lodged with the court by the Attorney General.

1  Court of Appeal) in 1970 and count two involved petitioner's molestation of Joseph Doe
2  (referred to as "Victim 1" by the California Court of Appeal) in 2001.  Counts three and four,
3  which were heard by the jury, involved petitioner's molestation of Benjamin Doe (referred to
4  as "Victim 3" by the California Court of Appeal) in 2002.

5        The court sentenced petitioner to consecutive terms of eight years and fifteen years
6  to life in state prison.  Exh. E (Reporter's Transcript) at 406-408; exh. C (opinion of the
7  California Court of Appeal) at 1.  The trial court later vacated petitioner's conviction on
8  count one.  Exh. C at 6.

9        The California Court of Appeal affirmed petitioner's convictions and sentence and
10  the California Supreme Court denied his application for review.

11        The following facts are distilled from the opinion of the California Court of Appeal.
12  *See* exh. C at 1-5.  While victim 1, a clerk and bagger at a supermarket, was helping
13  petitioner load groceries into his car, petitioner started "massaging his butt."  Despite telling
14  petitioner to stop, petitioner attempted to touch victim 1's "front private part."  The police
15  were called.

16        Victim 2 heard about the investigation from petitioner's family and informed police
17  that petitioner had molested him when he was about twelve years old in 1970.  The families
18  of petitioner and victim 2 were friends and were at the same New Years Eve party at the
19  Hyatt House hotel.  While victim 2 was sleeping in a hotel room, he was awakened by
20  petitioner leaning over him and touching his chest and genital area.  Petitioner took victim
21  2's hand and masturbated himself and victim 2 with it.

22        After victim 2 informed the police about what had happened in 1970, he made a
23  pretext call to petitioner in order to obtain an incriminating statement.  Petitioner told victim
24  2 that the molestation "was wrong of me" and added, "it was just a terrible thing. It's like an
25  impulse situation and sometimes I just can't control it . . . it's not normal[;] it's just
26  something that happened" and "afterwards I felt terrible.  I think I probably felt as bad as
27  you did, without a doubt, without a doubt."  Petitioner told victim 2, "I just fondled you, and
28

1 played with you, and that was it."  Petitioner stated that it had happened to him when he
2 was "a kid," and that it "actually felt good and I enjoyed it.  But, I've always enjoyed it."
3 Petitioner said that "young people" excite him.

4       Victim 2 asked whether petitioner had molested other victims and petitioner revealed
5 the incident involving victim 3.  He told victim 2 that, "[t]he other day uh, a fourteen year old
6 (inaudible).  I had a house with some insurance work and the mother had to go to the store.
7 [¶] . . [¶]  This kid was there and he . . . comes over and he puts his uh, hand on my leg,
8 and starts playing with my dick. . . . Never sucks before or anything.  Gets down there and
9 sucks, and uh, enjoyed it."

10       Victim 3 testified that in January 2002, when he was twelve years old, he was
11 visiting his grandmother at her house.  Petitioner was present on an insurance related
12 issue.  He sat next to victim 3 and started rubbing his leg above the thigh.  Petitioner kept
13 pulling victim 3's chair closer towards him while victim 3 tried to move away.  Victim 3
14 thought petitioner was drunk.

15       When victim 3 left for his grandmother's room to put on his contact lenses, petitioner
16 followed him.  Petitioner grabbed victim 3's hand and rubbed it across his genitals.  Victim 3
17 told defendant he "wasn't like that," and petitioner left the room.  Victim 3 told his
18 grandmother he was going to the 7-Eleven store and left the house.

19       As victim 3 walked along, petitioner pulled up in his car and asked if victim 3 wanted
20 a ride.  Victim 3 accepted because he didn't think petitioner was that drunk that since he
21 told petitioner he "wasn't like that," he didn't think petitioner would not try anything further.
22 Instead of taking victim 3 to the store, petitioner drove to a parking lot behind a restaurant,
23 parked, and started pushing victim 3's clothes down below his knees.

24       Petitioner then started stroking victim 3's penis and "putting his mouth on it."
25 Petitioner then pulled his own pants and underwear down to his knees and put his mouth
26 on victim 3's penis.  Petitioner grabbed victim 3's hand made victim 3 stroke his penis by
27 moving victim 3's hand up and down.  Victim 3 testified that petitioner "grabbed the back of
28

3

my head [with first one hand and then two] and pulled me toward him . . . when he had pulled me down, I tried pulling myself up." Victim 3 was not able to pull his head back because "he was forcing me to stay down there" and "his hands were both blocking me."

Victim 3 said that when he talked to the police, he found it embarrassing to talk about the molestation and that to them he denied there was any touching other than on his leg.

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2001), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly

4

established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. 322 at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000).

## DISCUSSION

Petitioner asserts that the trial court's admission under section 1108 of the California Evidence Code of uncharged sex acts violated his right to due process. Section 1108 allows a trial court to admit prior sexual offenses as evidence of a propensity to commit such acts. Cal. Evid. Code § 1108. Petitioner contends that section 1108 is unconstitutional and also that it violated his right to due process as it was applied to his case.

A state court's admission of evidence is not subject to federal habeas review unless the evidentiary ruling violates federal law, either by infringing upon a specific federal constitutional or statutory provision or by depriving the defendant of the fundamentally fair trial guaranteed by due process. *Pulley v. Harris*, 465 U.S. 37, 41 (1984). There are no published federal opinions which have addressed the constitutionality of section 1108. However, the Ninth Circuit has held that Federal Rule of Evidence 414, which is analogous to section 1108, does not violate the right to due process. *United States v. LeMay*, 260 F.3d 1018, 1027 (2001). Rule 414 states that "[i]n a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for

its bearing on any matter to which it is relevant." *Id.* at 1024. The court held in *LeMay* that Rule 414 is not unconstitutional because it is limited in its function by Rule 403. *Id.* at 1026-27. Rule 403 directs judges to exclude any evidence submitted under Rule 414 that is more prejudicial than probative. *Id.* at 1027. The court reasoned that this balancing process eliminates any due process concerns about Rule 414, stating: "[a]s long as the protections of Rule 403 remain in place to ensure that potentially devastating evidence of little probative value will not reach the jury, the right to a fair trial remains adequately safeguarded." *Id.* at 1026.

The reasoning of *LeMay* applies equally to this case because section 1108 of the California Evidence Code is similar to Rule 414.[2] Evidence that is admissible under section 1108 is limited by section 352. Cal. Evid. Code § 1108(a). Section 352 parallels Rule 403 of the Federal Rules of Evidence because it permits a trial judge to exclude evidence when its probative value is substantially outweighed by its prejudicial effect.[3] Just as Rule 403 did in *LeMay*, section 352 ensures that evidence admitted under section 1108 will not infringe on the right to a fair trial guaranteed under the Due Process Clause.

In addition, sections 1108 and 352 did not violate due process as it was applied to

---

[2] Section 1108 of the California Evidence Code provides: "[In a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101, if the evidence is not inadmissible pursuant to Section 352."

Rule 414 of the Federal Rules of Evidence provides: "In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant."

[3] Section 352 of the California Evidence Code provides: "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."

Rule 403 of the Federal Rules of Evidence provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

petitioner. The court of appeal held that the evidence admitted under 1108 was relevant and proper after a section 352 consideration. Exh. C at 9-11. The court found that the evidence was relevant on the issue of whether petitioner forced victim 3 to engage in sexual conduct. Similar to victim 3's testimony, the evidence showed that petitioner "used victim 2's hand as the instrument for victim 2's own molestation. Victim 2 did not perform voluntary and volitional acts on himself and [petitioner]." *Id.* at 10. The court also found that the evidence showed a common scheme or plan because "[petitioner's] conduct on all three occasions showed him to be an opportunistic molester who would not be deterred either by the victim's polite refusal, the presence of other people, or his status as a guest in the victim's home." *Id.* at 10.

Petitioner's assertion that count one was time barred and "should never have been presented to the jury" is inapposite. Pet. at 17-18. Although petitioner should not have been convicted for count one – as the trial court recognized when it vacated that conviction – section 1108 does not preclude admission of uncharged acts. Section 1108 permits the introduction of evidence regarding any sexual offense that is not precluded by a section 352 balancing consideration. Cal. Evid. Code § 1108(a). The appellate court was satisfied that the trial court reasonably applied the balancing test required by section 352 and that "the prejudice which [section 352] is designed to avoid is not the prejudice or damage to a defense that naturally flows from relevant, highly probative evidence," (citing *People v. Harris*, 60 Cal. App. 4th 727, 737 (1998)). *Id.* Thus, section 352 functioned in this case as a constitutional filter of evidence admitted under section 1108, ensuring that petitioner's due process rights were not violated. *See LeMay*, 260 F.3d at 1030.

Finally, the Supreme Court has never held that the admission of evidence of prior crimes violates the right to due process. *See Estelle v. McGuire*, 502 U.S. 62, 75 n. 5 (1991) (declining to rule on the constitutionality of propensity evidence). Because federal habeas relief may not be granted unless the state court decision was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court, *see* 28 U.S.C. § 2254(d)(1), when there is no "clearly established law as determined

by the United State Supreme Court," as here, habeas relief is barred.

The state appellate courts' rejection of petitioner's sole claim was neither contrary to, nor an unreasonable application of, clearly established United States Supreme Court authority.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 30, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.05\RENELLA250.RUL

8